OA 91 Criminal Complaint

# United States District Court

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA
V.
MONLETO LAMONT HOLLY

**ORIGINAL**

CRIMINAL COMPLAINT

Case Number: 4-08-70360

FILED
JUN 1 6 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

(Name and Address of Defendant)

I, the undersigned complainant being duly sworn state that the following is true and correct to the best of my knowledge and belief. On or about April 23, 2008 in Contra Costa County, in the Northern District of California defendant(s) did,

(Track Statutory Language of Offense)

knowingly and intentionally possess with intent to distribute a Schedule II controlled substance, namely, approximately 11.5 grams of a mixture and substance containing a detectable amount of cocaine base in the form of "crack" cocaine,

in violation of Title 21 United States Code, Section(s) 841(a)(1) and 841(b)(1)(B)(iii).

I further state that I am a(n) Special Agent for the Federal Bureau of Investigation and that this complaint is based on the following facts:

See attached affidavit.

NO BAIL ARREST WARRANT REQUESTED.

Continued on the attached sheet and made a part hereof:    ☒ Yes    ☐ No

Approved As To Form: James C. Mann
AUSA

Nitiana Doss, Special Agent
Name/Signature of Complainant

Sworn to before me and subscribed in my presence,

June 16, 2008
Date

at San Francisco, California
City and State

Honorable Bernard Zimmerman    U.S. Magistrate Judge
Name & Title of Judicial Officer

Signature of Judicial Officer

Document No
District Court
Criminal Case Processing

**AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT**

I, Nitiana Doss, Special Agent of the Federal Bureau of Investigation, being duly sworn, hereby declare as follows:

I.  **INTRODUCTION**

1. I am a Special Agent of the Federal Bureau of Investigation ("FBI") and have been so employed since August 2005. Currently, I am assigned to the Violent Crimes and Major Offender Squad at the Oakland Resident Agency, San Francisco Field Office, where my responsibilities involve the investigation of gangs and narcotics. During my tenure in the FBI, I have been involved in numerous investigations of gang-related narcotics traffickers. Several of the investigations have involved gangs and narcotics traffickers in the area of Richmond, California. I have participated in physical and electronic surveillance, undercover narcotics transactions, executed search warrants, and reviewed recorded conversations of drug traffickers. As a federal agent, I am authorized to investigate violations of the laws of the United States and am a law enforcement officer with authority to execute warrants issued under the authority of the United States.

II.  **PURPOSE OF THIS AFFIDAVIT**

2. This affidavit is being submitted in support of a criminal complaint and arrest warrant charging MONLETO LAMONT HOLLY with possession with intent to distribute cocaine base in the form of "crack" cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii).

3. Because this affidavit is being submitted for the limited purpose of securing a criminal complaint and arrest warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only those facts that I believe are necessary to establish probable cause to believe that, on or about April 23, 2008, MONLETO LAMONT HOLLY knowingly and intentionally possessed with intent to distribute a Schedule II controlled substance, namely, approximately 11.5 grams of a mixture and substance containing a detectable amount of cocaine base in the form of "crack" cocaine, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(B)(iii). The statements contained in this affidavit are based on information provided to

me by law enforcement officers as well as my training, experience, and knowledge of this investigation.

### III. PROBABLE CAUSE

#### A. Criminal History Of MONLETO LAMONT HOLLY.

4.  I have reviewed a criminal history report for HOLLY, which indicates: (1) on September 14, 2007, HOLLY was convicted of a felony violation of California Health & Safety Code § 11351.5 (possession of cocaine base for sale); and (2) on August 4, 2006, HOLLY was convicted of a misdemeanor violation of California Penal Code § 12280(b) (possession of an assault weapon). The criminal history report reflects that HOLLY was arrested for violations of California Health & Safety Code § 11351.5 (possession of cocaine base for sale) on October 29, 2006, February 28, 2007, and May 26, 2007. HOLLY was also arrested on October 25, 2006 for a violation of California Health & Safety Code § 11532(a) (loitering in a public place in connection with illegal drug activity); on January 15, 2007 for a violation of California Health & Safety Code § 11378 (possession of a controlled substance for sale); and on October 20, 2007 for a violation of California Health & Safety Code § 11359 (possession of marijuana for sale). Additionally, HOLLY was arrested on December 20, 2007 for violations of California Penal Code §§ 245(a)(1) (assault with a deadly weapon, not a firearm), 422 (threaten with intent to terrorize), 417(a)(1) (exhibition of a deadly weapon, not a firearm), and 243(a) (battery on a person). Furthermore, HOLLY was arrested most recently on June 5, 2008 for a violation of California Health & Safety Code § 11351.5 (possession of cocaine base for sale), a violation of California Health & Safety Code § 11352 (distribution of a controlled substance), and a violation of Penal Code § 186.22(a) (participation in a street gang).

#### B. Arrest Of MONLETO LAMONT HOLLY On April 23, 2008.

5.  From my review of police reports prepared by the Contra Costa County Sheriff's Department, I understand the following:

   a.  On April 18, 2008, HOLLY was on felony probation with a search clause. On the same date, a deputy from the Contra Costa County Sheriff's Department approached HOLLY in front of 1729 5th Street in Richmond, California, an area known for drug sales and

gang violence, and an area in which the deputy had routinely observed HOLLY loitering. The deputy intended to conduct a search of HOLLY's person pursuant to the terms of HOLLY's probation. As the deputy approached, he directed HOLLY to stay where he was, further stating: "You're on probation, if you run from me, you're gonna be violated." HOLLY then ran and hopped over a fence. The deputy was unable to apprehend HOLLY.

    b.  On April 23, 2008, a second deputy from the Contra Costa County Sheriff's Department attempted to arrest HOLLY for violating his probation by running away from the deputy on April 18, 2008. The second deputy saw HOLLY walking on the 1700 block of Giaramita Avenue in Richmond, California and motioned for HOLLY to come to the deputy's patrol car. HOLLY refused, and when the deputy got out of his car, HOLLY fled and jumped over a fence into a backyard. The deputy pursued and arrested HOLLY as HOLLY attempted to jump over another fence. The deputy searched HOLLY and located a plastic baggie containing suspected crack cocaine, which weighed approximately 12.4 grams with packaging, in HOLLY's left, front pant's pocket. The deputy also located, in HOLLY's right pant's pocket, a small plastic baggie containing suspected marijuana and $191.00 in various currency denominations, including one $1.00 bill, four $5.00 bills, one $10.00 bill, three $20.00 bills, and one $100.00 bill.

    c.  Based upon the amount of suspected crack cocaine, and the amount and denominations of the monies HOLLY possessed, the deputy determined, based upon his training and experience, that HOLLY had the intent to sell the suspected crack cocaine. Based upon the same factors considered by the deputy and my own training and experience, I believe that HOLLY had the intent to the sell the suspected crack cocaine recovered from his person. In my experience, the amount of suspected crack cocaine recovered from HOLLY is far greater than the amount typically possessed by a user of crack cocaine. I have been informed by crack users and other law enforcement officers that a typical dose of crack cocaine is approximately .2 grams.

### C.  DEA Lab Test Results.

6.  On or about June 6, 2008, I reviewed Drug Enforcement Administration Laboratory Results for the suspected crack cocaine recovered from HOLLY on April 23, 2008.

3

This report indicates that the suspected crack cocaine tested positive for cocaine base and had a net weight of 11.5 grams.

IV. **CONCLUSION**

7.  For the reasons stated above, I believe there is probable cause to believe that, on or about April 23, 2008, MONLETO LAMONT HOLLY knowingly and intentionally possessed with intent to distribute a Schedule II controlled substance, namely, approximately 11.5 grams of a mixture and substance containing a detectable amount of cocaine base in the form of "crack" cocaine, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(B)(iii). I respectfully request that the Court issue the requested criminal complaint and arrest warrant.

_____
Nitiana Doss
Special Agent, Federal Bureau of Investigation

Sworn to before me this
16 day of June 2008.

_____
HONORABLE BERNARD ZIMMERMAN
UNITED STATES MAGISTRATE JUDGE

4

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: [✓] COMPLAINT   [ ] INFORMATION   [ ] INDICTMENT   [ ] SUPERSEDING

**Name of District Court, and/or Judge/Magistrate Location**
NORTHERN DISTRICT OF CALIFORNIA

### OFFENSE CHARGED
VIOLATIONS: 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(iii).

[ ] Petty
[ ] Minor
[ ] Misdemeanor
[✓] Felony

PENALTY:
See Attached.

### DEFENDANT - U.S.
▶ MONLETO LAMONT HOLLY

DISTRICT COURT NUMBER

### PROCEEDING
Name of Complaintant Agency, or Person (&Title, if any)
Federal Bureau of Investigation

[ ] person is awaiting trial in another Federal or State Court, give name of court

[ ] this person/proceeding is transferred from another district per (circle one) FRCrP 20, 21 or 40. Show District

[ ] this is a reprosecution of charges previously dismissed which were dismissed on motion of:
   [ ] U.S. Att'y  [ ] Defense

[ ] this prosecution relates to a pending case involving this same defendant

[ ] prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under ▶

SHOW DOCKET NO.

MAGISTRATE CASE NO.

Name and Office of Person Furnishing Information on THIS FORM: JOSEPH P. RUSSONIELLO
[✓] U.S. Att'y   [ ] Other U.S. Agency

Name of Asst. U.S. Att'y (if assigned): James C. Mann, AUSA

### DEFENDANT

**IS NOT IN CUSTODY**
1) [✓] Has not been arrested, pending outcome this proceeding. If not detained give date any prior summons was served on above charges ▶ _____
2) [ ] Is a Fugitive
3) [ ] Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) [ ] On this charge
5) [ ] On another conviction
6) [ ] Awaiting trial on other charges   } [ ] Fed'l  [ ] State

If answer to (6) is "Yes", show name of institution _____

Has detainer been filed?  [ ] Yes  [ ] No   } If "Yes" give date filed _____

DATE OF ARREST ▶ Month/Day/Year _____
Or... if Arresting Agency & Warrant were not
DATE TRANSFERRED TO U.S. CUSTODY ▶ Month/Day/Year _____

[ ] This report amends AO 257 previously submitted

### ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
[ ] SUMMONS   [ ] NO PROCESS*   [✓] WARRANT   Bail Amount: No bail.

If Summons, complete following:
[ ] Arraignment   [ ] Initial Appearance
Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____
Before Judge: _____

Comments:

## ATTACHMENT TO PENALTY SHEET FOR MONLETO LAMONT HOLLY

**Count 1**: 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(iii) - Possession With Intent To Distribute A Schedule II Controlled Substance (Cocaine Base).

*If 851 Information alleging prior felony narcotics conviction filed*:

(1) Imprisonment: Maximum Life Imprisonment
    Mandatory Minimum 10 Years Imprisonment
(2) Fine: Maximum $4,000,000
(3) Supervised Release: Maximum Lifetime
    Mandatory Minimum 8-Year Term
(4) Special Assessment: $100.00

*If 851 Information alleging prior felony narcotics conviction not filed*:

(1) Imprisonment: Maximum 40 Years Imprisonment
    Mandatory Minimum 5 Years Imprisonment
(2) Fine: Maximum $2,000,000
(3) Supervised Release: Maximum Lifetime
    Mandatory Minimum 4-Year Term.
(4) Special Assessment: $100.00